*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6951-GHK (ASx) | Date | September 30, 2016 |
|---|---|---|---|
| Title | *Evanston Insurance Company v. Ronald L. Wolfe & Associates, Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:** (In Chambers) Order to Show Cause

On September 15, 2016, Plaintiff Evanston Insurance Company filed this action against Defendants Ronald L. Wolfe & Associates, Inc.; Ronald L. Wolfe & Associates, Inc. dba Wolfe & Associates, Property Services; Stephanie Grace; Lucas Fitch; Ava Hosseini; Jared A. Nicol; Anya Merkle; and Does 1-20. (Dkt. 1.) Plaintiff claims that we have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute. (*Id.*) As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

"Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332(a). In order to show complete diversity, a plaintiff must establish that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). Here, the amount-in-controversy requirement appears to be satisfied, as Plaintiffs specifically alleges that the amount in controversy exceeds $75,000. (*See* Compl. ¶ 10.) However, the Complaint fails to set forth facts sufficient to establish complete diversity of citizenship.

The Complaint states that (1) Plaintiff is a corporation incorporated in Illinois with its principal place of business in Illinois, (2) Ronald L. Wolfe & Associates, Inc. ("Wolfe") (which sometimes did business as Wolfe & Associates, Property Services) "is a corporation duly organized under the laws of California," and (3) each of the individual Defendants "is an individual residing in the state of California." (*Id.* ¶¶ 2-8.) These allegations are insufficient to establish the citizenship of Defendants.

First, Plaintiff has not properly alleged Wolfe's citizenship. A corporation, like Wolfe, is a citizen "of (1) the state where its principal place of business is located, and (2) the state in which it is

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6951-GHK (ASx) | Date | September 30, 2016 |
|---|---|---|---|
| Title | *Evanston Insurance Company v. Ronald L. Wolfe & Associates, Inc., et al.* | | |

incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* 28 U.S.C. § 1332(c)(1). While Plaintiff alleges that Wolfe is incorporated in California, Plaintiff does not allege Wolfe's principal place of business.

Second, Plaintiff has not properly alleged the individual Defendants' citizenship because a person's residency does not determine citizenship for diversity jurisdiction purposes. A person is a citizen of the state of domicile, i.e., where the person "resides with the intention to remain or to which [he or] she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Because Plaintiff has failed to allege Defendants' citizenship, we are unable to determine whether the Parties are completely diverse for purposes of § 1332. Therefore, no basis for subject matter jurisdiction is evident from Plaintiff's Complaint. The party asserting jurisdiction bears the burden of establishing such jurisdiction. *Kokkonen*, 511 U.S. at 377. Accordingly, Plaintiff is **ORDERED** to show cause, in writing, within **fourteen days hereof**, why this matter should not be dismissed for lack of federal subject matter jurisdiction. Plaintiff's failure to timely and adequately show cause as required herein shall be deemed Plaintiff's admission that this Court lacks subject matter jurisdiction. In that event, this action shall be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk    PS